# United States District Court
## Northern District of Indiana
### Hammond Division

| | | |
|---|---|---|
| FRANK L. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09-CV-327 JVB |
| | ) | |
| UNITED STATES STEEL CORP. and | ) | |
| UNITED STEEL WORKERS UNION, | ) | |
| LOCAL 1013, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Frank Gray filed his Complaint on October 5, 2009, for race and disability

discrimination and retaliation, breach of contract, and violations of the Labor Management

Reporting and Disclosure Act. Defendant United Steel Workers Union, Local 1014, filed a

Motion to Dismiss on January 11, 2010 (DE 12). In his response, Plaintiff requested leave to

amend his complaint. For the following reasons, the Court denies the Union's Motion and grants

Plaintiff's request.

## A.  Background and Facts

The following facts are alleged. Plaintiff is a forty-year employee of United States Steel

in Gary, Indiana. He is African-American and allegedly disabled. Defendant is the local labor

union for steel workers, and Plaintiff is a member.

Sometime in August 2007, United States Steel agreed to pay the Union $125,000 to settle

charges before the National Labor Review Board. Pursuant to this agreement, claims brought by

Plaintiff against United States Steel were dismissed by the NLRB. Plaintiff was promised a portion of the $125,000 settlement in the form of a $30,000 lump sum payment. On October 7, 2007, the settlement agreement was amended, and United States Steel agreed to pay the Union $62,000.

On an unspecified date, Plaintiff was denied the job of operating the 319 bar machine, and a white man with junior seniority was given the job. Plaintiff filed a grievance on an unspecified date. In October 2007, when Plaintiff returned from sick leave, he was notified that the Union would not pursue his grievance in arbitration. The Union did pursue the grievance of a white and non-disabled man with junior seniority, who also was denied the job of operating the 319 bar machine. Plaintiff was also denied the opportunity to attend Union meetings pertaining to his grievances.[1]

Plaintiff filed charges with the EEOC and received a right to sue letter from the agency. He filed his eight-count Complaint on October 5, 2007. Plaintiff alleges he was discriminated against because of his race and disability, in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Plaintiff filed suit against United States Steel and the Union. Only the Union is party to the Motion to Dismiss before the Court, and it has challenged Counts II, IV, VI, VII, and VIII of the Complaint.

**B.  Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case.  *See Gibson v. Chi.*,

---

[1] Plaintiff further alleges that the Union retaliated against him on unspecified dates.

910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[2] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570). The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

## C. Discussion

### (1) *Counts II, IV, and VI*

---

[2] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Plaintiff alleges he was discriminated against when the Union refused to take his grievance to arbitration, but it took a white and non-disabled man's grievance to arbitration. He further alleges that the Union retaliated against him. The Union argues these claims should be dismissed because Plaintiff failed to file his EEOC charge within 300 days of the alleged act of discrimination. *See Chaudry v. Nucor Steel-Ind.*, 546 F.3d 832, 836 (7th Cir. 2008).

In the Complaint, Plaintiff incorporated two EEOC charge forms and attached the forms as exhibits. These forms are dated November 13, 2008. On the charge forms, Plaintiff marked that the discrimination began on October 1, 2007, and the final act of discrimination took place on March 13, 2008. In his description of the discrimination, Plaintiff alleges that the act of discrimination took place on an unspecified date in October 2007. In his description of the retaliation, the charge forms do not allege specific dates or acts of retaliation. It is unclear to the Court if Plaintiff was retaliated against on March 13, 2008, or any other date.

Defendant is correct that, according to Plaintiff's Complaint, the charges of discrimination filed with the EEOC were not timely, because Plaintiff has provided October 2007 as a general date of the discriminatory act. The November 13, 2008, filing date is well over the 300 day limit. It is unclear whether the 300 day limit was followed for the retaliation claim, because Plaintiff has not provided a date of retaliation.

In Plaintiff's Response to Defendant's Motion to Dismiss, however, he clarified that discrimination charges were filed with the EEOC on March 31, 2008. Plaintiff amended those charges on November 13, 2008, to add the retaliation claim. The March 31, 2008, charge would comply with the 300 day limit. Plaintiff must amend his Complaint to reflect the initial filing with the EEOC and to allege specific dates of retaliation. Defendant's Motion as to Counts II,

IV, and VI is denied.

**(2)** *Count VII*

Plaintiff alleges that he was promised a lump sum of $30,000 as part of a settlement between United States Steel and the Union. As a result of the settlement, Plaintiff's claims against United States Steel were dismissed by the NLRB. The Union alleges that Plaintiff has filed a failure to represent claim, which would be untimely under the six-month statute of limitation. *See Christiansen v. A.P.V.  Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir. 1999).

Plaintiff can choose the legal theory under which he wants to proceed.  He has filed a breach of contract claim based on a contract formed sometime between August 2007 and October 7, 2007. Plaintiff alleges that this contract was breached on October 7, 2007, when the settlement was reduced to $62,000, which reduced Plaintiff's lump sum. It is unclear if Plaintiff was paid any amount of the $30,000 promised to him.

Plaintiff filed this claim on October 5, 2009. Indiana has a six-year limitation for actions on contracts not in writing. Ind. Code § 34-11-2-7. Plaintiff clearly falls within the statute for his breach of contract claim, and he has sufficiently pleaded the claim. Defendant's Motion as to Count VII is denied.

**(3)** *Count VIII*

Plaintiff alleges that he was denied the opportunity to attend Union meetings pertaining to his grievances. Defendant argues that the pleading is insufficient to support a claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has not pleaded specific meetings to

which he was denied attendance.

Plaintiff must amend his Complaint to put Defendant on notice of the basis for Plaintiff's claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (stating that plaintiffs must provide some specific facts to ground legal claims). Defendant's motion as to Count VIII is denied.

**D.  Conclusion**

Accordingly, Defendant's Motion to Dismiss is DENIED (DE 12). Plaintiff's request to amend his Complaint is GRANTED.

SO ORDERED on April 21, 2010.

  s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge