IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

FRANK L. GRAY,              )
                                       )
                Plaintiff,     )    Case No.  2:09-CV-327
    v.                             )
                                       )
UNITED STATES STEEL         )
CORPORATION and UNITED STEEL   )
WORKERS UNION, Local 1014,       )
                                       )
                Defendant.    )

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S SECOND MOTION TO COMPEL

Plaintiff, FRANK L. GRAY ("Gray"), by and through his attorneys, Barry A. Gomberg of Barry A. Gomberg & Associates, Ltd., hereby submits his memorandum of law in support of his Second Motion to Compel Defendant UNITED STEEL WORKERS UNION, LOCAL 1014 ("Local 1014") to fully respond to discovery.

I.     INTRODUCTION

On or about November 8, 2010, Plaintiff served his First Set of Interrogatories and First Request for Production of Documents upon Defendant Local 1014.  See Group Exhibit A attached hereto.  Defendant responded to discovery on April 12, 2011.  See Group Exhibit B attached hereto.  It must be noted, however, that prior to April 12, 2011, Plaintiff attempted on several occasions to work with Local 1014's counsel to obtain responses to discovery.  By March 18, 2011, the date of the telephone status conference with this Court, Plaintiff had already agreed to several extensions for Defendant to provide its discovery responses.  See Group Exhibit C attached hereto.  Anticipating further requests for extensions, Plaintiff requested that this Court insert in the March 18th

Order that Defendant respond to discovery no later than March 31, 2011.  As expected, Defendant requested an additional extension which Plaintiff reluctantly agreed to. Defendant Local 1014 then produced its responses on April 12, 2011.

After review of Defendant's responses, Plaintiff determined several of said responses were insufficient.   On or about June 22, 2011, Luanne M. Galovich, an attorney at the law firm of Barry A. Gomberg & Associates, Ltd., telephoned and left a voice message for Mr. Yokich requesting that they discuss outstanding discovery issues related to Defendant Local 1014's responses to Interrogatories and Document Requests and the Defendant's failure to provide Plaintiff with its Rule 26(a)(1) Disclosures.  See Declaration of Luanne M. Galovich attached hereto. When Mr. Yokich did not return the call, Ms. Galovich sent him an email memorializing her voice mail message and requested that he call her.  See Exhibit D attached hereto.  No return call or responsive email was forthcoming.

On September 14, 2011, Barry A. Gomberg, counsel for the Plaintiff sent a letter to Stephen Yokich detailing his perceived deficiencies concerning Defendant Responses to Discovery. See Exhibit E attached hereto. Mr. Yokich responded to that letter by telephone and advised that our requests for additional information were "reasonable" and that he would be supplementing Defendant Local 1014's Answers to Interrogatories and Responses to Document Requests by September 30, 2011.  See Declaration of Luanne M. Galovich attached hereto.  On September 30, 2011, Mr. Yokich sent Plaintiff's counsel a letter requesting an additional seven (7) days, or until October 7, 2011, to respond.  In an effort to resolve this matter amicably, Plaintiff granted that request.    See Exhibit F attached hereto.

Defendant Local 1014 did not provide supplemental responses to discovery on October 7th as agreed upon by the Parties.  When they did not receive a response after a reasonable amount of time, on October 20th Plaintiff's counsel sent an email to Mr. Yokich advising him that Plaintiff would be filing a Motion to Compel if they did not receive Defendant's discovery by 4:45 pm on Friday, October 21st.  On October 21st, Steve Yokich telephoned Ms. Galovich and requested an additional three (3) days to provide supplemental discovery responses. Because Ms. Galovich was in a meeting, he followed up his phone message with an email stating the same.  See Exhibit G attached hereto.  Ms. Galovich responded that Plaintiff would agree to hold off filing his Motion to Compel until the close of business on Monday, October 24th.  See Exhibit G attached hereto. Even if Mr. Yokich meant that he would be producing supplemental discovery responses within three (3) business days, said responses would have been due no later than Wednesday, October 26th.

At the time of this filing, Tuesday, November 1, 2011, no supplemental discovery responses have been produced, and no request for additional time has been forthcoming.

## II.     STANDARD

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. *See* Brown-Bey v. United States, 720 F. 2d 467, 470-471 (7th Cir. 1983); Eggleston v. Chicago Journeymen

Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir. 1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir. 1985).

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 551 U.S. 153, 177 (1979); Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D. Pa. 1999).   The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D.Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

III.   **ARGUMENT**

    A.   **Defendant should be required to fully answer Plaintiff's First Set of Interrogatories and produce documents responsive to Plaintiff's First Request for Production of Documents**

        1.   **Interrogatories**

Initially Defendant did not fully respond to requests for all information responsive to Interrogatory Nos. 4, 6, 7, 8, 9, 10, 13 and 14 of Plaintiff's First Set of Interrogatories. The Interrogatories, objections and Plaintiff's reply to said objections are as follows:

**INTERROGATORY NO. 4:**  Identify all individuals who represented Union members in their grievances against the employer, US Steel Corporation ("USS"), during all times of Plaintiff's tenure with USS.  For each individual please indicate:
    a)    name;
    b)    race;
    c)    disability, if any;
    d)    home telephone number and address;
    e)    dates of tenure with Defendant and reason for leaving, if applicable; and
    f)    position, title and areas of duties and responsibilities.
Identify and produce any and all documents in support of and/or relating to your answer to this Interrogatory.

4

**RESPONSE**:

Defendant Local 1014 objects to this interrogatory as overly broad and not likely to lead to the discovery of discoverable evidence. The request covers all facilities of United States Steel and 40 years. During that time there were literally hundreds of individuals who "represented Union members" with respect to grievances against United States Steel. Moreover, the identity of union representatives who represented other employees of United States Steel with respect to grievances that are completely unrelated to the grievances that are part of the allegations in this case is irrelevant to this case and unlikely to lead to the discovery of relevant evidence.

Notwithstanding this objection, the identity of the Union officials who represented Mr. Gray and other members of the Machine Shop in grievances can be determined from the grievance files that have been produced in response to the Request for Production of Documents.

## REPLY:

**The grievance files produced in response to the Request for Production of Documents which Defendant directs Plaintiff to in answer to Interrogatory No. 4 are incomplete. Most notably, Defendant has not provided minutes from grievance meetings or notes regarding the disposition of each grievance involved in the August and October 2007 Memorandum Agreements. Plaintiff requested that Defendant supplement its Answer to this Interrogatory.**

**Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery. To date, no additional information has been forthcoming. Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Interrogatory No. 4.**

**INTERROGATORY NO. 6:**  Identify all grievances against USS that Plaintiff has filed with Defendant, including, but not limited to, those grievances that were made part of the August and October 2007 Settlement Agreements with USS.  Please include the date of the grievance(s), as well as the nature of the grievance(s), and the final result of each grievance.

Identify and produce any and all documents in support of and/or relating to your answer to this Interrogatory.

**RESPONSE**:

Defendant objects to this interrogatory as overly broad and not likely to lead to the discovery of

relevant evidence. Plaintiff filed dozens of grievances during his 40-year tenure at United States

Steel.  Many of them were filed 20 or 30 years ago. The only relevant grievances in this case are

those filed by Plaintiff regarding work and pay in the machine shop under the terms of the 2003-2008

Basic Agreement between United States Steel and the USW. Those grievances are the following:

W-GA-2003-0650
W-GA-2003-0858
W-GA-2005-0405
W-GA-2005-0454

In addition, during the relevant time period, the Union filed the following grievances that potentially affected the work and pay of all of the machinists in the machine shop:

| | |
|---|---|
| W-GA-2001-0912 | W-GA-2004-0620 |
| W-GA-2002-0425 | W-GA-2005-0348 |
| W-GA-2003-0843 | W-GA-2005-0371 |
| W-GA-2003-0861 | W-GA-2005-0763 |
| W-GA-2003-0862 | W-GA-2006-0555 |
| W-GA-2004-0271 | W-GA-2007-0106 |
| W-GA-2004-0333 | W-GA-2007-0431 |

All of these grievances were covered by the Memorandum of Agreement of August 2007 and the Addendum of October 2007. Under the terms of those documents, the grievances were withdrawn in exchange for alterations in the incentive pay rates for certain machinists, including Plaintiff, in the Machine Shop and for the payment of a lump sum of money to the machinists. Many of the terms of that agreement have been implemented. For example, Plaintiff's wage rate was raised to $40.00 per hour pursuant to that agreement and remained at approximately that rate until his retirement in 2009.

The legality of the agreement and addendum have been challenged under the terms of the 2003 Basic Agreement. That dispute was scheduled to be resolved by an arbitrator on April 6, 2011. Prior to and on that day the parties engaged in settlement discussions and representatives of United States Steel have agreed to promptly draft the terms of a proposed settlement. The settlement will include a lump-sum payment to the Plaintiff in this case, but the size of that lump sum has not yet been finalized.

## REPLY:

**Counsel for Plaintiff has followed up with Defendant in writing and by telephone regarding Defendant's statement concerning the challenge to the legality of the agreement and addendum, the April 6, 2011 arbitration, and the settlement**

discussions and agreement reached between US Steel and the Union.  To date, none of counsel's attempts to receive more information regarding the aforementioned have been responded to by Defendant.  Plaintiff is entitled to receive a copy of the settlement agreement (or last draft), details and arguments presented to Arbitration in dispute of these agreements, the identity of all persons that were notified that the Agreements were illegal and when they were notified, the identity of all individuals who participated in said Arbitration arguments and the new "Settlement Agreement', when, how and by whom Plaintiff was notified of the challenge to the legality of his grievances and the related settlements, any reasons why Plaintiff was not permitted to participate in any new settlement or any Arbitration Hearing from April 2011 to the present.

Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery.  To date, no additional information has been forthcoming.  Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Interrogatory No. 6.

**INTERROGATORY NO. 7:**  For each grievance identified in Interrogatory No. 6 above, identify the name, race, disability, if any, home telephone number and home address of the grievers.
Identify and produce any and all documents in support of and/or relating to your answer to this Interrogatory.

**RESPONSE**:

The grievance files for the above-listed grievances have been produced, and those files contain the names of the union grievance representatives. Defendant has no specific information regarding the disabilities of these individuals and the disclosure of such private information would be inappropriate and not likely to lead to the discovery of relevant evidence. Since Plaintiff alleges that these individuals were acting on behalf of Local 1014 when they handled Plaintiff's grievances, there is no reason to disclose the home phone numbers and addresses of these individuals. They may be contacted through counsel.

### REPLY:

**Defendant has not produced minutes from all grievance hearings/meetings related to its response to Interrogatory No. 7.**

**Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery. To date, no additional information has been forthcoming. Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Interrogatory No. 7.**

**INTERROGATORY NO. 8:**        Identify all grievances against USS filed with Defendant by other employees of the USS Machine Shop that were made part of the August and October 2007 Settlement Agreements with USS. Please include the date of the grievance(s), as well as the nature of the grievance(s), and the final result of each grievance.
        Identify and produce any and all documents in support of and/or relating to your answer to this Interrogatory.

**RESPONSE**:

The grievances are listed in those documents. Defendant is producing the grievance file for each case listed, and those files will reveal the date the grievance was filed and the nature of the grievance. The final result of each grievance has not yet been determined because Defendant United States Steel is currently drafting a proposal that might result in the final resolution of these grievances.

**REPLY**:      **Defendant has not produced minutes from all grievance hearings/meetings related to its response to Interrogatory No. 8.**

**Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery. To date, no additional information has been forthcoming. Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Interrogatory No. 8.**

**INTERROGATORY NO. 9:**      For all grievances and/or other actions resolved as a result of the August and October 2007 Settlement Agreements with USS, identify the individual for whom the grievance(s) and/or other action(s) pertained, the dates of all meetings held in resolution of said grievance(s) and/or action(s), names of those in attendance at said meetings.

**RESPONSE**:

The dates of many of the meetings regarding the grievances resolved in the Settlement Agreements are set forth in the grievance files for those settlements. Investigation on this point is continuing.

**REPLY:**

**Approximately six months have elapsed from the date Defendant produced its Answers to Plaintiff's First Set of Interrogatories and Request for Production of**

Documents.   Defendant should be required to supplement its Answer to this Interrogatory No. 9 with information obtained as a result of your continued investigation.

Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery.  To date, no additional information has been forthcoming.  Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Interrogatory No. 9.

**INTERROGATORY NO. 10:**  Identify all communications Defendant's agents and/or employees received and/or generated regarding Plaintiff's concerns that he was denied the opportunity to perform tasks that those with less seniority were allowed to perform. Identify if the communications were verbal and/or written, dates received and/or generated, who participated in said communications, circumstances giving rise to the communications, the communications content and outcome.  And if the communications were provided to USS, when were they provided and what was the result?
Identify and produce all documents in support of and/or relating to your answer to this Interrogatory.

**RESPONSE**:

Defendant objects to this Interrogatory as being overly broad, burdensome, and not likely to lead to the discovery of admissible evidence.  The Interrogatory is not limited in time.

The vast bulk of the communications regarding this issue took place in the context of the grievances that the Plaintiff filed over this and related issues.  The appropriate grievance files are being produced in connection with the Request for Production of Documents.  Defendant continues to investigate the oral communications referred to in this Interrogatory.

## REPLY:

Plaintiff is willing to limit his Interrogatory to communications concerning grievances which were resolved by the August and October 2007 Agreements. Furthermore, approximately six months have elapsed from the date Defendant produced its Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Plaintiff requested that Defendant Local 1014 supplement its Answer to this Interrogatory No. 10 with information obtained as a result of its continued investigation.

Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery. To date, no additional information has been forthcoming. Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Interrogatory No. 10.

**INTERROGATORY NO. 13:** Identify all communications between Defendant and/or its agents and Plaintiff regarding Plaintiff's exclusion from Union meetings pertaining to grievances he has filed against all Defendants.

**RESPONSE**:

Defendant Local 1014 does not know what meetings this allegation refers to. It therefore cannot further answer this Interrogatory.

## REPLY:

Defendant's response to Interrogatory No. 13 is disingenuous. However, Plaintiff is willing to limit his Interrogatory to meetings concerning grievances which were resolved by the August and October 2007 Agreements.

Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery. To date, no additional information has been forthcoming. Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Interrogatory No. 13.

**INTERROGATORY NO. 14:** For the years 2007 to the present, state whether Defendant or any of its related entities have been named a party to any civil or administrative action including, but not limited to, the discipline and/or discharge of an employee, discrimination of an employee based on race, disability, or hostile work environment. If answering in the affirmative, for each action state:

     a.    the case caption, including docket number, jurisdiction and the court or administrative agency in which the action was commended;

     b.    the nature of the case; and

     c.    the eventual disposition and/or status of the case.

Identify and produce any and all documents in support of and/or relating to your answer to this Interrogatory.

**RESPONSE**:

Investigation on this point is incomplete and is continuing.

## REPLY:

Approximately six months have elapsed from the date Defendant produced its Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Plaintiff requested that Defendant Local 1014 supplement its Answer to this Interrogatory No. 14 with information obtained as a result of its continued investigation.

Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that

**Defendant would supplement its responses to discovery. To date, no additional information has been forthcoming. Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Interrogatory No. 14.**

**2.     Document Requests**

The Defendant did not fully respond to requests for all information responsive to Document Requests No. 3, 4, 6,  9, 10, 11, 12, 13, 14, and 15 of Plaintiff's First Request for Production of Documents and would not provide responsive documents.

**REQUEST NO. 3:**   All written and electronic records, notes, notations, notebooks, personal diaries, e-mail, correspondence and memoranda relating to any employment and/or union contracts affecting Plaintiff that were in place at the time of Plaintiff's retirement, including, but not limited to, the August 2007 Memorandum of Agreement between U.S. Steel, Gary Works and the United Steel Workers Association, Local 1014 regarding Machine Shop Issues, the addendum to the agreement of October 2007, and any documents relating to by-laws for local unions.

**RESPONSE**:

 See Documents 000346 through 000378.  Investigation on this point is continuing.

**REPLY**:

**Approximately six months have elapsed from the date Defendant produced its Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Plaintiff requested that Defendant Local 1014 supplement its Response to this Document Request No. 3 with information obtained as a result of its continued investigation.**

**Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that**

Defendant would supplement its responses to discovery.  To date, no additional information has been forthcoming.  Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Document Request No. 3.

**REQUEST NO. 4:**   All written and electronic records, notes, notations, notebooks, personal diaries, e-mail, correspondence and memoranda relating to negotiations between the Union and US Steel concerning the disposition of the claims of Plaintiff, Jeff Carden, and other members under the August 2007 Memorandum of Agreement (and the Addendum to the Agreement of October 2007) between U.S. Steel, Gary Works and the United Steel Workers Association, Local 1014.

**RESPONSE:**
 See Documents 000346 through 000350.

## REPLY:

Defendant has not produced minutes from all grievance hearings/meetings related to its response to Document Request No. 4. In addition, no information has been produced concerning Jeff Carden or who decided that the August and October 2007 Memorandum Agreements were illegal.  As such, production should also include any and all written documents or memos from the International department heads and all communications concerning the decision to proceed with arbitration on said Memorandum Agreements.  Plaintiff requested that Defendant Local 1014 supplement its response to this Document Request accordingly.

Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery.  To date, no additional information has been forthcoming.  Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Document Request No. 4.

**REQUEST NO. 6:**  All documents directly or indirectly related to Plaintiff's requests from January 1, 2007-May 2009 to operate the 319 bar machine.

**RESPONSE**:

Investigation on this point is continuing.

**REPLY**:      Approximately six months have elapsed from the date Defendant produced its Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents.  Plaintiff has filed more than one grievance regarding fill-in procedures on the 319 bar machine. Plaintiff requested that Defendant supplement its Answer to this Document Request No. 6 with information obtained as a result of its continued investigation.

Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery.  To date, no additional information has been forthcoming.  Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Document Request No. 6.

**REQUEST NO. 9:**    All written and electronic records, notes, notations, notebooks, personal diaries, e-mail, correspondence and memoranda related to any grievance filed by a member of Local 1014 against U.S. Steel Corporation related to the use of the 319 bar machine, including, without limitation, the arbitration decision for said grievances that went to arbitration, including, but not limited to, the grievances filed by Plaintiff and Jeff Carden.

**RESPONSE:**
Investigation on Request No. 9 is continuing.

**REPLY**:

Approximately six months have elapsed from the date Defendant produced its Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Plaintiff has filed more than one grievance regarding fill-in procedures on the 319 bar machine. In addition, Plaintiff believes that others filed similar grievances regarding same. Please supplement your Answer to this Document Request No. 9 with information obtained as a result of your continued investigation.

Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery. To date, no additional information has been forthcoming. Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Document Request No. 9.

**REQUEST NO. 10:** All written and electronic records, notes, notations, notebooks, personal diaries, e-mail, correspondence and memoranda relating to Plaintiff's exclusion from attendance at Defendant's Union meetings pertaining to his grievance(s).

**RESPONSE**:

Defendant Local 1014 knows of no documents responsive to Request No. 10. Investigation of Request No. 10 is continuing.

**REPLY**:

Approximately six months have elapsed from the date Defendant produced its Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Plaintiff requested that Defendant Local 1014 supplement its Answer

to this Document Request No. 10 with information obtained as a result of its continued investigation.

Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery.  To date, no additional information has been forthcoming.  Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Document Request No. 10.

**REQUEST NO. 11:**  All written and electronic records, notes, notations, notebooks, personal diaries, e-mail, correspondence and memoranda, including but not limited to phone and internet records and/or archives and/or any other document(s) that relate directly or indirectly to Plaintiff, the Complaint herein, the Answer and affirmative defenses to this cause and anyone having knowledge as to the aforementioned.

**RESPONSE:**

See Documents 000001 through 001057.  Investigation of Request No. 11 is continuing.

**REPLY**:

Approximately five months have elapsed from the date Defendant produced its Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents.  Plaintiff requested that Defendant Local 1014 supplement its Answer to this Document Request No. 11 with information obtained as a result of its continued investigation.

Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery.  To date, no additional

information has been forthcoming.  Defendant Local 1014, therefore, should be

required to fully respond and supplement its Answer to Document Request No.11.


**REQUEST NO. 12:**  All documents, correspondence, emails, and/or all written materials
that directly and/or indirectly relate to and support Defendant's Answer and/or
affirmative defenses.

**REPONSE:**
    See Documents 000001 through 001057.  See also the documents produced by Defendant

United States Steel.  Investigation on this point is continuing.

## REPLY:


    Approximately five months have elapsed from the date Defendant produced

its Answers to Plaintiff's First Set of Interrogatories and Request for Production of

Documents.  Plaintiff requested that Defendant Local 1014 supplement its Answer

to this Document Request No. 12 with information obtained as a result of its

continued investigation.


    Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's

requests in the September 14, 2011 discovery letter were reasonable and that

Defendant would supplement its responses to discovery.  To date, no additional

information has been forthcoming.  Defendant Local 1014, therefore, should be

required to fully respond and supplement its Answer to Document Request No. 12.


**REQUEST NO. 13:**  Provide all minutes, memorandums, recordings and documents of
all sorts related to each grievance filed by Plaintiff which was resolved as a result of the
August and October 2007 Settlement Agreements between U.S. Steel, Gary Works and
the USWA, Local 1014.

**RESPONSE:**

Many of the documents requested in Request No. 13 were included in the response to Request No. 7. Defendant Local 1014 is conducting additional investigation on Request No. 13 and will shortly produce additional documents responsive to it.

**REPLY**: **Approximately six months have elapsed from the date Defendant produced its Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Defendant has not produced minutes from meetings or memos regarding the August and October 2007 settlement of Plaintiff's grievances. Plaintiff requested that Defendant Local 1014 supplement its Answer to this Document Request No. 13 with information obtained as a result of its continued investigation.**

**Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery. To date, no additional information has been forthcoming. Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Document Request No. 13.**

**REQUEST NO. 14:** Provide all minutes, memorandums, recordings and documents of all sorts related to each grievance filed by other employees of the US Steel Machine Shop which were resolved as a result of the August and October 2007 Settlement Agreements between U.S. Steel, Gary Works and the USWA, Local 1014.

**RESPONSE:**

Defendant Local 1014 is investigating Request No. 14 and will shortly produce additional documents related thereto.

**REPLY**:

Approximately six months have elapsed from the date Defendant produced its Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Defendant has not produced minutes from meetings or memos regarding the August and October 2007 settlement of other Machine Shop employees' grievances. Plaintiff requested that Defendant Local 1014 supplement its Answer to this Document Request No. 14 with information obtained as a result of its continued investigation.

Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery. To date, no additional information has been forthcoming. Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Document Request No. 14.

**REQUEST NO. 15:** Provide all minutes, memorandums, recordings and documents of all sorts related to the August and October 2007 Settlement Agreements between U.S. Steel, Gary Works and the USWA, Local 1014.

**REPLY**:

Approximately six months have elapsed from the date Defendant produced its Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Defendant has not produced minutes from meetings or memos regarding the August and October 2007 settlement of Plaintiff or other Machine Shop employees' grievances. Additionally, no documentation has been produced

concerning the April 2011 Arbitration. Plaintiff requested that Defendant Local 1014 supplement its Answer to this Document Request No. 15 with information obtained as a result of its continued investigation.

Attorney Steve Yokich advised attorney Luanne Galovich that Plaintiff's requests in the September 14, 2011 discovery letter were reasonable and that Defendant would supplement its responses to discovery. To date, no additional information has been forthcoming. Defendant Local 1014, therefore, should be required to fully respond and supplement its Answer to Document Request No. 15.

IV.    CONCLUSION

Despite the *repeated* attempts by Plaintiff's counsel to amicably resolve Plaintiff's discovery disputes with counsel for Defendant Local 1014 pursuant to FRCP 37, counsel for Plaintiff has not been able to obtain supplemental responses to discovery from Defendant Local 1014, despite assurances by Defendant's counsel that Plaintiff's requests were "reasonable". Defendant's counsel, Stephen Yokich, made assurances that discovery would be supplemented by dates certain. But as of the time of this filing on November 3, 2011, no supplemental responses have been forthcoming.

Such behavior by counsel for Defendant should not be tolerated by this Honorable Court. Plaintiff also has a pending Amended Motion to Compel and for Rule to Show Cause based upon Defendant Local 1014's continued failure to provide Plaintiff with its Rule 26(a)(1) disclosures. In those Motions, Plaintiff details defense counsel's continued disregard of Rule 26 as well as this Court's Order of March 18, 2011 requiring the Parties to provide their Disclosures by May 13, 2011.

For the reasons set forth above, Frank L. Gray respectfully requests that this Honorable Court grant Plaintiff's Second Motion to Compel, requiring Defendant Local 1014 to produce all documents requested by a date certain, and further requests that Defendant be sanctioned for its failure to comply with FRCP 26, 33, 34 and 37 and grant Plaintiff attorney's fees for bringing this Motion to Compel.

Respectfully submitted,

FRANK L. GRAY

By: s/ Barry A. Gomberg
    One of Her Attorneys

Barry A. Gomberg
Barry A. Gomberg & Associates, Ltd.
53 W. Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550

## <u>CERTIFICATE OF SERVICE</u>

To:     Steven A. Yokich
        Cornfield and Feldman
        25 East Washington Street, Suite 1400
        Chicago, Illinois  60602-1803

        M. Cristina Sharp
        United States Steel Corporation
        Law Department
        600 Grant Street, Room 1500
        Pittsburgh, PA  15219-2800

        Terence M. Austgen
        Singleton, Crist, Austgen & Sears, LLP
        The Fairmont, Suite 200
        9245 Calumet Avenue
        Munster, IN  46321


        I, Barry A. Gomberg, an attorney, certify that I served Plaintiff's Motion to
Compel on the above-named counsel of record for Defendants via CM/ECF on
November 3, 2011.



                                    _____s/ Barry A. Gomberg_____