IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FRANK GRAY, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:09-cv-327 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES STEEL ) | |
| CORPORATION, and UNITED STEEL ) | |
| WORKERS UNION, Local 1014 ) | |
| ) | |
| Defendant. ) | |

REPLY IN SUPPORT OF PLAINTIFF'S
SECOND MOTION TO COMPEL, AMENDED MOTION TO COMPEL AND
AMENDED MOTION FOR RULE TO SHOW CAUSE

NOW COMES the Plaintiff, Frank L. Gray, by and through his attorneys, Barry A. Gomberg and Barry A. Gomberg & Associates, Ltd., and hereby submits the following Reply in Support of Plaintiff's Second Motion to Compel, Amended Motion to Compel and Amended Motion for Rule to Show Cause.

In support thereof, Plaintiff states as follows:

1. Paragraphs 1 through 8 of the Defendant's Response merely provides background concerning the resolution of ongoing issues between the Employer and the Union.  Counsel for Local 1014 does state, however, that he could not provide Plaintiff a copy of the proposed Settlement Agreement which affected Plaintiff because he "misplaced" his copy.  However, it is difficult to understand how it could take six months to get a copy of the Agreement.  This type of delay is an example of the delays Plaintiff has had to endure while attempting to obtain information from Defendant Local 1014.

1

2. In paragraph 9 of Defendant Local 1014's Response, Counsel responds to several issues raised in Plaintiff's Motions. The following is Plaintiff's attempt to reply to each point raised by Defendant.

(a) Plaintiff does not dispute that Defendant produced the names of individuals with knowledge in response to one of Plaintiff's Interrogatories. However, a Party is also required to provide "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." See Fed. R. Civ. P. 26(a)(1)(A)(ii). Defendant states in its Response that it produced over a thousand documents, but <u>it does not state</u> that said production was inclusive of documents and items it would have identified in its Rule 26(a)(1) Disclosures. Counsel states that he would endeavor to provide Rule 26(a)(1) Disclosures by November 18, 2011, but no such disclosures were provided by said date.[1]

(b) Counsel for Plaintiff has delayed rescheduling Depositions in this matter pending the production of Defendant's responses to discovery. Counsel for Local 1014 states in his Response that he "anticipates that he will be able to reasonably supplement the initial discovery responses well in advance of any oral depositions in this case and will do so." Local 1014's Response, ¶9(b). However, Defendant has been aware of the Settlement Agreement between Local 1014 and USS since April 2011. Since that time, Defendant has still not supplemented its discovery responses. While Plaintiff

---

[1] On December 12, 2011, Plaintiff received a letter containing Defendant Local 1014's Initial Disclosures. Defendant states in the letter that a copy of the Initial Disclosures was previously sent to Plaintiff on November 23rd. Neither Counsel for Plaintiff, nor his staff, recall receiving a copy of the Initial Disclosures prior to today's date.

understands and has attempted to accommodate Counsel's requests for additional time, Defendant still has a duty to provide its complete responses in a timely manner.

    3.    Unfortunately it does not appear that Defendant Local 1014 has been taking its responsibility in this matter seriously. They failed to provide Rule 26(a)(1) Disclosures, despite this Court's Order to do so. Defendant took approximately five months to respond to initial discovery. It is because of Defendant's failure to meet its deadlines regarding discovery that Plaintiff requested that the Court memorialize in the March 18th Order that Defendant Local 1014 would be responding to discovery by March 31st. As anticipated, Defendant Local 1014 did not meet that deadline and, with the reluctant agreement of Plaintiff, produced its discovery responses on April 12th. Further, there have been emails sent and telephone calls placed to counsel for Defendant 1014 that have failed to receive a response. As stated above, Plaintiff finally received a copy of Defendant Local 1014's Rule 26(a)(1) Disclosures on December 12th, after numerous attempts by counsel to receive a copy of same. Finally, Defendant has not supplemented its responses to Plaintiff's discovery despite Defendant 1014's promises that it would do so. Such continued delay and disregard by Defendant 1014 should not be countenanced by the Court.

    WHEREFORE, Plaintiff respectfully requests that Defendant Local 1014 be required to supplement its responses to Plaintiff's Interrogatories and Document Requests, to show cause why it violated this Court's March 18, 2011 Order and reimburse Plaintiff for the attorney's fees required in following up on the status of Defendants' Rule 26(a)(1) Disclosures and drafting his Motions and Replies. In addition, Defendant should be precluded from introducing any evidence at trial or in support of a

Motion for Summary Judgment which has not previously been disclosed to Plaintiff in discovery and should be subjected to any further sanctions which this Court deems appropriate under the circumstances.

    Respectfully submitted,
    FRANK L. GRAY

By:   s/Barry A. Gomberg
    One of Plaintiff's Attorneys

Barry A. Gomberg
Barry A. Gomberg & Associates, Ltd.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois  60604
(312) 922-0550

## CERTIFICATE OF SERVICE

To:    Steven A. Yokich
Cornfield and Feldman
25 East Washington Street, Suite 1400
Chicago, Illinois  60602-1803

M. Cristina Sharp
United States Steel Corporation
Law Department
600 Grant Street, Room 1500
Pittsburgh, PA  15219-2800

Terence M. Austgen
Singleton, Crist, Austgen & Sears, LLP
The Fairmont, Suite 200
9245 Calumet Avenue
Munster, IN  46321

    I, Barry A. Gomberg, an attorney, certify that I served the Plaintiff's Reply in Support of Plaintiff's Second Motion to Compel, Amended Motion to Compel and Amended Motion for Rule to Show Cause on the above-named counsel of record for Defendants via CM/ECF on December 12, 2011.

                                                s/ Barry A. Gomberg