```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


FRANK L. GRAY,                      )
                                    )
          Plaintiff                 )
                                    )
          v.                        )   CIVIL NO. 2:09 cv 327
                                    )
UNITED STATES STEEL CORPORATION;    )
LOCAL 1014 UNITED STEEL WORKERS     )
UNION,                              )
                                    )
          Defendants                )
```

## OPINION AND ORDER

This matter is before the court on the First Amended Motion to Compel [DE 38]; the Amended First Rule to Show Cause [DE 39]; and the Second Motion to Compel [DE 40] all filed by the plaintiff, Frank L. Gray, on November 3, 2011. For the following reasons, the First Amended Motion to Compel [DE 38] is **DENIED AS MOOT**; the Amended First Rule to Show Cause [DE 39] is **GRANTED;** and the Second Motion to Compel [DE 40] is **GRANTED.**

## Background

The plaintiff, Frank Gray, is a retiree from United States Steel. While working in the machine shop at U.S. Steel, Gray and other employees filed grievances concerning the assignments to the machines in the shop and the incentive wages paid to those operating the machines. The company and union resolved the grievances in August 2007 when U.S. Steel agreed to back pay. As part of the settlement, Gray was to receive approximately

$30,000.  The parties revised the settlement in October 2007, which would have reduced Gray's back pay.  The International Union challenged the revised settlement, and a new settlement was entered in August 2011.  The August 2011 settlement re-instituted the $30,000 award.  U.S. Steel's counsel anticipated that Gray would receive the payment in October 2011, and then it could provide the settlement and evidence of the payment to opposing counsel during the month of October.

On November 13, 2008, after the union and U.S. Steel revised the settlement reducing Gray's award, Gray filed a charge of discrimination with the EEOC.  In his charge, Gray alleged that U.S. Steel would not allow him to operate the 319 bar machine at the incumbent rate of pay and that it assigned this position to a white individual with less seniority who was not disabled. Gray received a notice of dismissal and right to sue letter, and he filed his complaint on October 5, 2009.

Gray served U.S. Steel with his first set of interrogatories and request for production on November 8, 2010.  After several extensions of time, at the March 18, 2011 status conference, Gray requested that the court set March 31, 2011, as the deadline for responding to the outstanding discovery.  The court set this deadline and directed that initial disclosures were due by May 13, 2011.  Gray subsequently agreed to an additional extension of

time to respond to the outstanding discovery, and U.S. Steel served its responses on April 12, 2011. Gray gave U.S. Steel his initial disclosures on May 13, 2011, but did not receive any from U.S. Steel. On June 22, 2011, Gray's counsel called counsel for U.S. Steel to discuss the insufficiencies of its discovery responses and tardiness producing its initial disclosures. When Gray's counsel did not receive a response, he sent a letter to U.S. Steel. In response to the letter, U.S. Steel's counsel advised that the requests for additional information were reasonable and that he would supplement the responses by September 30, 2011. The deadline was extended by agreement of the parties to October 7, 2011, but U.S. Steel failed to comply with this deadline. Gray's counsel contacted U.S. Steel, giving it until October 21 to respond. U.S. Steel requested an additional three days, but as of November 1, 2011, U.S. Steel had not supplemented its discovery responses or provided Gray with its initial disclosures. Gray filed the present motions to compel production of the initial disclosures and supplemental interrogatory responses on November 3, 2011, and a separate motion for sanctions.

### Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody,

3

condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1).  For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting* *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).  Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)).  *See also* *Adams v. Target,* 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle,* 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses.  Federal Rule of Civil Procedure 37(a)(2)-(3).  The burden "rests upon the objecting party to show

4

why a particular discovery request is improper." *Gregg v. Local 305 IBEW*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(*citing Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(*citing Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (*citing Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v.*

***UAW Local 2209***, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(*examining* ***Patterson v. Avery Dennison Corp.,*** 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted).

Under Federal Rule of Civil Procedure 16(b), the court is required to issue a scheduling order setting forth the deadlines for the parties to complete discovery and file motions. "A schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4). Good cause is shown when, despite a party's diligence, the timetable could not reasonably have been met. *See* ***Link v. Taylor***, 2009 WL 281054, *2 (N.D. Ind. Feb. 2, 2009). Rule 37(b)(2) gives the court authority to sanction a party for failing to comply with a court order, such as one entered under Rule 16, and states in relevant part:

> (2) Sanctions in the District Where the Action Is Pending.
>
> > (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)-- fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> >
> > > (i) directing that the matters embraced in the order or other designated facts be taken as estab-

>lished for purposes of the action, as the prevailing party claims;
>
>(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>(iii) striking pleadings in whole or in part;
>
>(iv) staying further proceedings until the order is obeyed;
>
>(v) dismissing the action or proceeding in whole or in part;
>
>(vi) rendering a default judgment against the disobedient party; or
>
>(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The authority to sanction a non-compliant party also arises from the court's inherent power to manage its cases and achieve orderly disposition. See **Chambers v. NASCO, Inc.,** 501 U.S. 32, 44, 47, 111 S.Ct. 2123, 2132, 2134, 115 L.Ed.2d 27 (1991) (explaining that the court has broad inherent powers to sanction a party); **Barnhill v. United States**, 11 F.2d 1360, 1367 (7th Cir. 1993). The court should consider several factors when determin-

ing which sanctions to employ, including: "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." **Rice v. City of Chicago**, 333 F.3d 780, 784 (7th Cir. 2003) (*citing* **Williams v. Chicago Bd. of Educ.**, 155 F.3d 853, 857 (7th Cir. 1998)).  The sanctions must be proportional to the party's misconduct.  **Collins v. Illinois,** 554 F.3d 693, 696-698 (7th Cir. 2009).  The court measures this by weighing the proposed sanctions against the egregiousness of the party's conduct.  **Barnhill**, 11 F.3d at 1368.

   Here, U.S. Steel defied the court order to produce initial disclosures, and although it recognized its discovery responses required supplementation, it has not provided the additional information.  In its response brief, U.S. Steel agreed to provide Gray with its initial disclosures by November 18, 2011.  Gray submitted a tardy reply brief on December 9, 2011, explaining that U.S. Steel had not provided the initial disclosures despite its representation to the court that it would do so by November 18, 2011.  The court, for the second time, **ORDERS** U.S. Steel to provide its initial disclosures.  U.S. Steel's initial disclosures are due within 14 days of this Order.

With regard to the insufficiencies of U.S. Steel's discovery responses, U.S. Steel has explained that it postponed additional investigation because it believed that the revised settlement might moot many of the claims raised in this matter.  U.S. Steel was waiting to receive a copy of the settlement reached between the international union and U.S. Steel and proof of payment before it proceeded with the burden and expense of further discovery.  U.S. Steel now offers to conduct an additional investigation and submit complete responses "well in advance of oral depositions".

The court acknowledges that the settlement agreement may affect the issues presented in this matter and waiting to produce additional discovery may have been more efficient.  However, this does not excuse the behavior of U.S. Steel's counsel.  U.S. Steel acknowledged that its discovery responses were insufficient and required supplementation and agreed to numerous deadlines, which it ignored without correspondence to Gray's counsel and without seeking an extension of time.  Now U.S. Steel proposes that it will provide the requested discovery "well in advance of oral depositions", but does not give a date.  In light of U.S. Steel's history of failing to comply with its self-imposed deadlines and to notify Gray of its intent, the court finds this remedy inappropriate.  U.S. Steel is **DIRECTED** to serve complete responses to

Gray's discovery requests within 14 days of this Order and is **ADVISED** that ignoring this deadline may lead to harsher sanctions.

    This is not to say that U.S. Steel's past behavior should not be reprimanded.  U.S. Steel failed to comply with both the court ordered deadline to provide initial disclosures and the discovery deadlines agreed to by the parties.  U.S. Steel consistently agreed to deadlines and proceeded to ignore them without corresponding with Gray's counsel or seeking an extension of time.  Gray warned U.S. Steel of its intent to file a motion to compel if U.S. Steel further refused to comply with the agreed deadline, however, U.S. Steel ignored these warnings as it did the deadlines.  U.S. Steel has not provided any justification for its failure to cooperate with Gray or to seek an extension of the deadlines with Gray or the court.  U.S. Steel had multiple opportunities to provide the discovery, but in response to every chance Gray offered, U.S. Steel ignored the deadline until Gray contacted U.S. Steel and agreed to another extension.  U.S. Steel was not proactive and did not reach out to Gray to explain its reasons for delay and to seek an extension of time.  Although it is sometimes easier to ask for forgiveness than permission, this philosophy is ill advised when dealing with court deadlines.  U.S. Steel's decision to ignore the deadlines without explanation

time and time again, prompting Gray to file the present motions to compel, is deserving of sanctions.  U.S. Steel is **ORDERED** to pay Gray's attorney's fees associated with filing the present motions.  Gray's counsel is **DIRECTED** to file an affidavit of attorney's fees within 14 days.

_____

Based on the foregoing, the First Amended Motion to Compel [DE 38] is **DENIED AS MOOT;** the Amended First Rule to Show Cause [DE 39] is **GRANTED;** and the Second Motion to Compel [DE 40] is **GRANTED.**  U.S. Steel is **ORDERED** to pay Gray's attorney's fees associated with filing the present motions.

ENTERED this 9th day of March, 2012


                                    s/ ANDREW P. RODOVICH
                                       United States Magistrate Judge