UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

FRANK L. GRAY,                      )
                                    )
             Plaintiff              )
                                    )
        v.                          )   CIVIL NO. 2:09 cv 327
                                    )
UNITED STATES STEEL CORPORATION;)
LOCAL 1014 UNITED STEEL WORKERS )
UNION,                              )
                                    )
             Defendants             )

OPINION AND ORDER

This matter is before the court on the Motion for Clarifica-
tion of Order [DE 50] filed by the defendant, United Steel
Workers Union, Local 1014, on March 14, 2012, and the Affidavit
of Attorney Fees [DE 54] filed by the plaintiff, Frank L. Gray,
on March 26, 2012.  For the reasons set forth below, the court
**GRANTS** the Motion for Clarification of Order [DE 50], clarifies
its March 12, 2012 Opinion and Order, and **ORDERS** the defendant,
Local 1014, to pay attorney fees in the amount of $3,412.50.

Background

The plaintiff, Frank Gray, a retiree from United States
Steel, filed a complaint against United States Steel Corporation
and his union, United Steel Workers, Local 1014, alleging dis-
crimination.  Gray served Local 1014 with his first set of
interrogatories and request for production on November 8, 2010.
After several extensions of time, at the March 18, 2011 status

conference, Gray requested that the court set March 31, 2011, as the deadline for responding to the outstanding discovery.  The court set this deadline and directed that initial disclosures were due by May 13, 2011.  Gray subsequently agreed to an additional extension of time to respond to the outstanding discovery, and Local 1014 served its responses on April 12, 2011.  Gray gave Local 1014 his initial disclosures on May 13, 2011, but he did not receive any from Local 1014.

On June 22, 2011, Gray's counsel called counsel for Local 1014 to discuss the insufficiencies of its discovery responses and tardiness producing its initial disclosures.  When Gray's counsel did not receive a response, he sent a letter to Local 1014.  In response to the letter, Local 1014's counsel advised that he would supplement the responses by September 30, 2011.  The deadline was extended by agreement of the parties to October 7, 2011, but Local 1014 failed to comply.  Gray's counsel contacted Local 1014, giving it until October 21 to respond.  Local 1014 requested an additional three days, but as of November 1, 2011, Local 1014 had not supplemented its discovery responses or provided Gray with its initial disclosures.

Gray filed a motion to compel production of the initial disclosures and supplemental interrogatory responses on November 3, 2011, and a separate motion for sanctions.  Local 1014 filed a

2

short response indicating that it would tender its initial dis-
closures by November 18, 2011.  Local 1014 explained that it did
not provide supplemental responses to Gray's interrogatories and
requests for production because it believed settlement might moot
many of the claims.  Local 1014 stated that it would supplement
its discovery responses in advance of oral depositions.  Local
1014 did not raise any objection to Gray's specific discovery
requests in its response brief.

The court issued an Opinion and Order on March 12, 2012.
The court directed Local 1014 to tender its initial disclosures
within 14 days.  At the time, the court was unaware that Local
1014 served its initial disclosures on November 23, 2011.  The
court further directed Local 1014 to serve complete responses to
Gray's discovery requests within 14 days of the Opinion and Order
because Local 1014 acknowledged that its discovery responses
required supplementation and did not raise any objections to the
specific discovery requests.

Local 1014 filed the present motion for clarification on
March 14, 2012.  In its motion, Local 1014 states that it served
its initial disclosures and asks the court to amend the March 12,
2012 Opinion and Order to reflect as such.   Local 1014 also
complains that the court did not address its objections to the
specific discovery responses as stated in its response to Gray's

3

Interrogatories and filed as an attachment to Gray's motion to compel.  Local 1014 inquires whether it is required to conduct an additional investigation and provide the results of the investigation or whether it is required to provide responses to each of Gray's interrogatories for which Gray requested additional information.

## Discussion

Local 1014 first complains that the court's March 12, 2012 Opinion and Order should have reflected that it already had served its initial disclosures.  At the time Gray filed his motion to compel, Local 1014 had not served its initial disclosures.  Local 1014 responded that it would tender its initial disclosures by November 18, 2011, however, Local 1014 previously had agreed to deadlines that it did not comply with.  In fact, Local 1014 did not comply with the November 18, 2011 deadline. Local 1014's initial disclosures were dated November 23, 2011, five days past its self-imposed deadline. The court acknowledges that Local 1014 served its initial disclosures, however, this does not forgive Local 1014's failure to comply with the court's order to serve initial disclosures by May 13, 2011.

Local 1014 next asks the court to clarify whether it must provide supplemental responses to each of Gray's discovery requests or whether it only is required to conduct an additional

investigation and turn over those results.  Local 1014 explains that its responses to Gray's interrogatories and request for production were attached as an exhibit to Gray's motion to compel and that the court did not consider Local 1014's objections raised in response to each discovery request.  Local 1014 indicated in response to Gray's motion to compel that it would conduct an additional investigation and turn over its results, and Local 1014 reads the court's order as requiring only that.

In his motion to compel, Gray went through a series of interrogatories for which he requested more information.  Gray explained that Local 1014's counsel agreed that the discovery requests were reasonable and that additional information would be forthcoming.  Local 1014 responded that it would conduct an additional investigation and supplement its responses.  Local 1014 did not raise any objections to the specific discovery requests in its response brief.

The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 IBEW*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(*citing Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); *McGrath v. Everest National Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional*

*Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009) (internal citations omitted).  The objecting party must show with specificity that the request is improper.  *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(*citing* *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (*citing* *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted).

Although Local 1014 now points to its initial responses to the interrogatories, it failed to do so in its response to the motion to compel and did not object to Gray's representation that Local 1014 agreed to supplement its response to each and every interrogatory Gray requested supplemental responses for.  Moreover, Gray submitted its reply to Local 1014's objections and explained why the information was subject to discovery.  Local 1014 has not argued that Gray's position lacked merit and that the information was shielded from discovery.  Local 1014 did not meet its burden to show that the information sought was not

6

subject to discovery and has waived any objection to the discovery requests by failing to explain its position in response to Gray's motion to compel, by failing to dispute Gray's reply to Local 1014's response to the interrogatories, and by failing to challenge Gray's statements that it agreed to provide supplemental responses to every discovery request Gray requested more information for. *See Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998) (explaining that arguments not raised in initial brief are considered waived)(*citing Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); *United States v. Feinberg*, 89 F.3d 333, 340-41 (7th Cir. 1996), *cert. denied*, 519 U.S. 1133, 117 S.Ct. 997, 136 L.Ed.2d 876 (1997) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court.")).

Gray's counsel sent Local 1014's counsel a letter dated September 14, 2011. In the letter, Gray agreed to reduce the amount of information sought with regard to specific interrogatories. Local 1014 is **DIRECTED** to supplement its discovery responses to Gray's discovery requests identified in his motion to compel as refined by his September 14, 2011 letter.

In the March 12, 2012 Opinion and Order, the court ordered Local 1014 to pay Gray's attorney's fee as a discovery sanction. Gray's counsel filed an affidavit of attorney's fees as directed

by the court.  Gray's counsel requests $3,412.50 in attorney fees.  Local 1014 objects to the fees as unreasonable.

The recoverable fees are limited to the reasonable fees that an attorney would charge a client. *Bowerman v. Wal—Mart Stores, Inc.*, 2000 U.S. Dist. LEXIS 21616, *3 (S.D. Ind. Nov. 30, 2000). The court will consider whether the costs reportedly incurred in making the motion were reasonably necessary by evaluating the reasonableness of the time spent preparing the motion and the rates charged. *Equal Employment Opportunity Commission v. Accurate Mechanical Contractors, Inc*., 863 F.Supp. 828, 834 (E.D. Wis. 1994).

"The attorney's standard hourly rate is the best measure of the attorney's reasonable hourly rate." *Accurate Mechanical*, 863 F.Supp. at 834 (*citing* *Gusman v. Unisys Corp*., 986 F.2d 1146, 1150 (7th Cir. 1993)); *Parish v. City of Elkhart*, 2011 WL 1360810, *4 (N.D. Ind. April 11, 2011) (explaining that an attorney's billing rate is presumptively appropriate). This is because the rate clients are willing to pay the attorney accounts for his individual skill and ability. *Gusman*, 986 F.2d at 1150. In rendering this judgment, the court generally will take the attorney's experience and qualifications into consideration. *Accurate Mechanical*, 863 F.Supp. at 834. An attorney may charge higher than average fees for work completed in his specialty, but

8

he must demonstrate that he is deserving of the same inflated rate for areas outside his common practice. *Parish,* 2011 WL 1360810 at *4. The court also will look to the market rate for comparable services. *Perry v. City of Gary*, 2011 WL 344007, *2 (N.D. Ind. Aug. 8, 2011). If services of a similar quality were available within the market where the services were rendered for a reduced amount, the court may decrease the requested fees accordingly. *Perry*, 2011 WL 344007 at *2—3.

The court also must determine whether the time allotted to the given task was reasonable under the circumstances. *Accurate Mechanical*, 863 F.Supp. at 834. The court will consider the length of the motion or memorandum, the complexity of the case, and the amount of authority the document refers to when assessing the reasonableness of the time allotted to the activities. *Maxwell v. South Bend Work Release*, 2010 U.S. Dist. LEXIS 114462, *13—14, 2010 WL 4318800 (N.D. Ind. Oct. 25, 2010); *Arrington v. La Rabida Children's Hosp.*, 2007 WL 1238998, *3 (N.D. Ill. Apr. 25, 2007) (reducing requested time when brief in support of motion did not cite any case law); *Mattenson v. Baxter Healthcare Corp.*, 2003 WL 22317677, *1 (N.D. Ill. Oct. 9, 2003) (finding that two hours was a reasonable length of time to complete a three page motion). Duplicate and excessive time cannot be recovered, and the court must carefully scrutinize a fee petition

for such. **Bowerman**, 2000 U.S. Dist. LEXIS 21616 at *3. To enable the court to complete this task, "[t]he billing records must be sufficiently clear to enable the district court to identify what hours, if any, are excludable because they are excessive, redundant, or otherwise unnecessary." **Shoney's, Inc. v. Schoenbaum**, 894 F.2d 93, 97 (4th Cir. 1990).

Local 1014 argues that Attorney Luanne Galovich's fees should be reduced from $350 an hour to $180, complaining that the charged rate is unreasonable for an associate attorney. However, Attorney Galovich's experience exceeds that of most associate attorneys. She has been practicing as a labor and employment attorney for 14 years and litigates cases without supervision. Courts have upheld similar fees for attorneys of comparable experience. *See* **C.W. v. Board of Education of City of Chicago, District 299**, 2012 WL 355360, *4 (N.D. Ill. Feb. 1, 2012) ("In the Chicago metropolitan area, the following range of hourly rates prevail for attorneys representing parents in special education matters . . . $295-350 an hour for attorneys with 11 to 19 years of experience."); **Hall v. Forest River, Inc.**, 2008 WL 1774216, *2 (N.D. Ind. April 15, 2008). In fact, in 2007, the U.S. District Court for the Northern District of Illinois approved Attorney Galovich's hourly rate of $325, and in 2011, the Circuit Court of Cook County approved her rate of $350 an hour.

10

*Prange v. Borders*, No. 05-c-2194 (N.D. Ill. Oct. 23, 2007); *Dickerson v. AGB Investigative Services, Inc*., No. 09 CH 21544 (Cook County Ct. May 26, 2011).  In light of Attorney Galovich's experience, the court finds her rate reasonable.  Local 1014 is **DIRECTED** to pay Gray's attorney's fee in the amount of $3,412.50 within 14 days of this Order.

————————————

Based on the foregoing, the Motion for Clarification of Order [DE 50] filed by the defendant, United Steel Workers Union, Local 1014, on March 14, 2012, is **GRANTED.**  Local 1014 is **DI-RECTED** to provide supplemental responses to each of Gray's discovery requests as refined by the September 14, 2011 letter Gray sent to Local 1014.  Local 1014 is further **ORDERED** to pay Gray's reasonable attorney's fee in the amount of $3,412.50.

ENTERED this 26th day of June, 2012

                    s/ ANDREW P. RODOVICH
                     United States Magistrate Judge